UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN DICKEY and JOANNE DICKEY,
husband and wife ,

        Plaintiffs,

v.                                      CASE NO. 3:05-cv-1167-J-25HTS

DOW AGROSCIENCES, LLC,
a foreign limited liability company

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before this Court on Plaintiffs' Motion for Remand and Memorandum in Support (Dkt. 6) and Defendant's response in opposition thereto (Dkt. 7). Upon consideration of the same, this Court finds as follows.

This is an action for damages based upon common law negligence resulting in termite damage to Plaintiffs' residence and guest house. On June 10, 2005, Plaintiffs filed suit in the Fourth Judicial Circuit in and for Duval County. On November 10, 2005, Defendant filed its Notice of Removal premised on diversity jurisdiction. *See* 28 U.S.C. §1332(a). Plaintiffs have moved to remand, arguing that the amount in controversy does not exceed $75,000.00. Defendant, on the other hand, maintains that Plaintiffs' refusal to admit that the total amount of recovery they will seek will not exceed $75,000 proves that the amount in controversy requirement has been established.

The party seeking removal bears the burden of establishing federal jurisdiction. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When a plaintiff fails to plead a specific amount of damages, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy exceeds the $75,000 jurisdictional requirement. *Id.*

Here, Plaintiffs' complaint alleges "damages in excess of $15,000 exclusive of interest, costs and attorney's fees", states repair costs of "in excess of $70,000" and seeks "damages, interest, costs and other such relief deemed just and proper." Pl. Complaint ¶¶ 3, 14, 19. On June 5, 2005 Defendant requested that Plaintiffs acknowledge that they are not seeking a recovery in excess of $75,000. Def.'s Notice of Removal at Ex. 1A. Plaintiffs responded stating "We are not seeking damages in excess of $75,000, exclusive of interest and costs." *Id.* at Ex. 1B. On August 29, 2005, Defendant served discovery seeking an admission from Plaintiffs that:

> The total amount you seek to recover in the Lawsuit including any compensatory damages (including property damage, repair costs, diminution in value, and any other type of compensatory damages you claim in the Lawsuit), attorney's fees and other types of damages or fees does not exceed $75,000.00 exclusive of costs and interest.

*Id.* at Ex. 2. Plaintiffs claim that due to the inclusion of "attorney's fees", they "denied" Defendant's request for admission. *Id.* Defendant argues that Plaintiffs' denial establishes that the total amount in controversy exceeds the statutory limit, and thus removal is proper. Plaintiffs state that they denied Defendant's request because of the inclusion of "attorney's fees" in the admission request, however Plaintiffs have not sought attorney's fees in their complaint. Florida follows the American Rule, that attorney's fees may only be awarded by a court "pursuant to an entitling statute or an agreement of the parties." *Dade County v. Pena*, 664 So.2d 959, 960 (Fla. 1995) (citations omitted). Since it appears that Plaintiffs "have no right to recover attorneys' fees from defendants in this case, their request for attorneys' fees does not constitute part of their claim against the defendants and cannot be considered for amount in controversy purposes." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002).

The Court of Appeals for the Eleventh Circuit has held that when a complaint seeks damages

2

in unspecified amounts, a defendant can not rely solely on "conclusory allegations" and a plaintiff's refusal to stipulate that her claims do not exceed $75,000. *Best Buy*, 269 F.3d at 1319-20. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy...[the] burden of proof on the jurisdictional issue." *Id.* at 1320.

The Court finds that by a preponderance of the evidence, the jurisdictional amount has not been satisfied. In their complaint, Plaintiffs seek "damages, interest, costs and other such relief deemed just and proper." Additionally, Plaintiffs' letter to Defendant stated that they are not seeking damages in excess of $75,000, exclusive of interest and costs. Plaintiffs have not sought attorney's fees. Defendant's only evidence that Plaintiffs are in fact seeking more than $75,000 is Plaintiffs' refusal to sign a stipulation and make an admission. That evidence alone is not sufficient. Therefore, Plaintiffs' motion to remand is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Remand(Dkt. 6) is **GRANTED**.

2. This cause is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

3. This Court will retain jurisdiction over this matter solely for the determination of whether Plaintiffs are entitled to costs and fees.

**DONE AND ORDERED** in Chambers this **16** day of **December**, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

3